Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Decision and Order of the Deputy Commissioner.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On the date in question in this matter, 31 August 1998, plaintiff was an inmate at Central Prison in Raleigh, having been convicted of robbery with a dangerous weapon.
2. Alfredo Hernandez is a correctional officer with the North Carolina Department of Correction.
3. On 31 August 1998, Officer Hernandez was stationed in Tower 6 which overlooked the yard and the construction site at Central Prison. While on duty in Tower 6 that day, Officer Hernandez observed an inmate throwing something over a fence. The object, which was intended for another inmate on the other side of the fence, landed between two fences. An inmate in the area where the object landed attempted to retrieve it with a broom. Officer Hernandez then grabbed his rifle, placed it over his shoulder and back, came out onto the wall, blew his whistle twice, and yelled to the inmates to move back from the fence.
4. While inmates are supposed to stay five yards back from the fence, and there are signs posted at the Prison that convey this requirement, inmates nevertheless oftentimes gather at the fence and talk.
5. Plaintiff testified that on 31 August 1998 he was standing in the yard at the fence chatting with other inmates. Plaintiff was standing beside a bench under Tower 6 when Officer Hernandez suddenly yelled to the inmates, including plaintiff, to get away from the fence. Plaintiff testified that in the course of yelling at the group of inmates to move away from the fence, Officer Hernandez pointed his rifle at plaintiff. When he saw the gun pointed at him, plaintiff ducked and ran away from the fence to the dorm. Plaintiff felt violated when the officer pointed his gun at him.
6. Mr. Dykes, a lieutenant with the North Carolina Department of Correction, testified that after this incident, he received complaints from several inmates wherein the inmates alleged that Officer Hernandez pointed his gun at a group of inmates congregating by the fence on 31 August 1998. Lt. Dykes recalls receiving approximately ten complaints, all of which were in the same handwriting.
7. As a part of his investigation of this matter, Lt. Dykes talked to Officer Bradshaw, another officer with the North Carolina Department of Correction. Officer Bradshaw was stationed in a position that allowed him to see what happened when Officer Hernandez told the inmates to move away from the fence. Officer Bradshaw said that he did not see Officer Hernandez point his gun at anyone as plaintiff had indicated, but he did see Officer Hernandez place his rifle on his shoulder. The investigation of this incident did not find any wrongdoing on the part of Officer Hernandez.
8. Plaintiff did not offer any evidence to indicate what standard of care was owed to him by Officer Hernandez and whether there was a breach of that standard of care by Officer Hernandez. Nor has plaintiff offered any evidence of any harm or damages he sustained by the alleged acts of Officer Hernandez.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiffs evidence failed to show that defendants employee breached a duty of care owed to plaintiff or that any alleged breach of duty was the proximate cause of any injury to Plaintiff. Robinson v. State ofN.C., 351 N.C. 38, ___ S.E.2d ___ (1999).
2. Furthermore, there was no showing of any negligence on the part of any agent of the defendant while acting within the scope of his or her office, employment, service, agency or authority which proximately caused injury to plaintiff. Accordingly, plaintiff is not entitled to any damages in this matter. N.C.G.S. 143-291, et seq.
 ***********
Considering the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 ORDER
1. Plaintiffs claim must be, and therefore is, HEREBY DENIED.
2. Each side shall bear their respective costs.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER